IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ASTELLAS US LLC,                  :
ASTELLAS PHARMA US,               :
INC., and GILEAD SCIENCES,        :
INC.,                             :
                                  :
                    Plaintiffs,   :
                                  :
          v.                      :          Civil Action No. 18-1675-CFC
                                  :
APOTEX INC.,                      :
                                  :
                    Defendant.    :

_____

## MEMORANDUM ORDER

In this patent infringement action, Plaintiffs Astellas US LLC ("Astellas

LLC"), Astellas Pharma US, Inc. ("Astellas Pharma"), and Gilead Sciences, Inc.

have sued Defendant Apotex, Inc. based on an Abbreviated New Drug Application

(ANDA) that Apotex filed with the Food and Drug Administration (FDA) to gain

approval to market a generic version of the drug regadenoson. The ANDA

piggybacks on the New Drug Application (NDA) filed by Astellas Pharma for

Lexiscan®, the brand-name version of regadenoson. Plaintiffs allege that Apotex's

generic version of regadenoson infringes two patents disclosed by Astellas Pharma

in connection with its NDA and, consequently, listed in the FDA's Orange Book.

Gilead owns the two patents and Astellas LLC exclusively licenses them. *See* D.I. 1 at ¶¶ 15, 16, 18.

Two days before Plaintiffs filed this lawsuit, Apotex filed a complaint in the Northern District of California against Gilead and Astellas Pharma (but not Astellas LLC). Apotex sought by its complaint a declaratory judgment that its version of regadenoson does not infringe the two patents asserted in this case. *See generally Apotex Inc. v. Gilead Scis., Inc.*, Case No. 18-cv-06475-JCS (N.D. Cal. Oct. 23, 2018) (the "California action").

Pending before me is Apotex's motion to dismiss for improper venue. D.I. 13. By its motion, Apotex seeks dismissal of the case on three grounds: (1) the ANDA statutes require that Plaintiffs' claims asserted in this action be treated as compulsory counterclaims in the California action; (2) the "first-filed rule"; and (3) "potential discretionary factors such as 'judicial economy' and 'the just and effective disposition of disputes[]' . . . weigh in favor of enforcing the Hatch-Waxman declaratory judgment statute by proceeding only in the first-filed California case." *See* D.I. 14 at 2. Thus, all of Apotex's arguments are premised on the existence of the California action.

The California action, however, has now been dismissed. *See Apotex Inc. v. Gilead Scis., Inc.*, Case No. 18-cv-06475-JCS (N.D. Cal. Jan. 31, 2019) (D.I. 48).

Accordingly, Apotex's arguments are rendered moot and I will deny Apotex's

motion to dismiss this action for improper venue.

**WHEREFORE**, on this Eighth day of May in 2019, **IT IS HEREBY**

**ORDERED** that Apotex's Motion to Dismiss (D.I. 13) is **DENIED**.

**IT IS SO ORDERED**.

_____

CONNOLLY, UNITED STATES DISTRICT JUDGE