IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS US LLC; ASTELLAS PHARMA US, INC.; and GILEAD SCIENCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 18-1675-CFC ) (Consolidated) ) ) ) ) ) ) |

**DISCOVERY DEPOSITION ORDER**

**Addendum to Scheduling Order (D.I. 45)**
**Paragraph 5(f)**

Fact Deposition Limits.

[**Plaintiff's Proposal (agreed to by Apotex, Wockhardt, Dr. Reddy's, and Accord):**  Unless otherwise agreed by the parties or ordered by the Court, with respect to oral and written discovery depositions of party and non-party fact witnesses (including depositions of Rule 30(b)(6) witnesses), the Defendants as a group may take up to 105 hours of depositions of the Plaintiffs' witnesses and the Plaintiffs as a group may take up to 35 hours of depositions of each Defendant Group's witnesses. A party's "witnesses," as used here, refers to officers, directors, current employees, former employees, and corporate affiliates.]

[**Plaintiff's Position:** Plaintiffs' proposal for the number of hours of deposition time reflects an appropriate number of hours given the number of patents at issue and the

1

complexity of the issues.  Four of the five Defendant Groups[1] in this consolidated case have agreed to these time limits.  Defendants Sun Pharma Global FZE and Sun Pharmaceutical Industries Ltd.'s (together "Sun's") proposal—which would limit Plaintiffs to two depositions of Sun's employees—ignores the complexities of this case and would prejudice Plaintiffs.

This case involves three patents—U.S. Patent Nos. 8,106,183 (the "'183 patent"), RE 47,301 (the "'301 patent"), and 8,524,883 (the "'883 patent"), which are directed to compositions and methods of making.  Plaintiffs' proposal of 35 hours of deposition time per Defendant Group (essentially five depositions per group) is more than reasonable given that Defendants, including Sun, have contested infringement, and proof of infringement will likely involve technical issues and discovery beyond that in an ANDA case where infringement is not at issue.  Indeed, Sun has identified *seven* individuals as having relevant knowledge in its responses to Plaintiffs' discovery requests.   In contrast, Sun's proposal to limit Plaintiffs to 14 hours of deposition time per Defendant Group—essentially two depositions—would not provide Plaintiffs with sufficient time to explore all the technical issues raised by Defendants' non-infringement and invalidity positions, or to take deposition testimony of the individuals identified as having relevant knowledge.

Plaintiffs thus respectfully request that the Court enter Plaintiffs' proposal of 35 hours per Defendant Group.]

[**Sun's Proposal:** Unless otherwise agreed by the parties or ordered by the Court, with respect to oral and written discovery depositions of party and non-party fact witnesses (including depositions of Rule 30(b)(6) witnesses), the Defendants as a group may take up to 56 hours of depositions of the Plaintiffs' witnesses and the Plaintiffs as a

---

[1] "Defendant Group" shall be defined to include all parties sued by Plaintiffs in a single action.

group may take up to 14 hours of depositions of each Defendant Group's witnesses. A party's "witnesses," as used here, refers to officers, directors, current employees, former employees, and corporate affiliates.]

[**Sun's Position**: Sun proposes to limit the number of hours of deposition of Plaintiffs' witnesses from Plaintiffs' proposal of up to 105 hours to the more reasonable limit of up to 56 hours and proposes to limit the number of hours of deposition of Defendants' witnesses from Plaintiff's proposal of up to 35 hours to the more reasonable limit of up to 14 hours.  Sun proposes additional depositions could be taken by agreement of the parties or by seeking leave of Court.

The issues in this case are not complex. Although there are three patents at issue, the inventors – there are four – and the subject matter overlap significantly. Sun's proposal is warranted and will ensure efficiency and focus discovery only on those issues necessary for resolution of the present dispute. Further, the courts have long recognized an infringement case in the Hatch-Waxman context is fundamentally about the applicant's ANDA. Pursuant to all applicable laws and regulations, the information contained in defendants' various ANDAs are voluminous and sufficient in and of themselves to resolve any issues of infringement. Although Sun has identified seven (7) individuals with knowledge of its ANDA, the knowledge among them is duplicative.

Sun recognizes the limits it proposes are not joined in by the remaining defendants, notwithstanding each of them previously proposed the identical limits to Plaintiffs. Nevertheless, Sun respectfully submits its proposal is most consistent with the complexity and needs of the case and most likely to encourage efficiency and focus among all relevant parties, efficiencies Sun believes will result in efficiencies for this Court.]

All fact depositions shall be limited to one day of seven hours unless the deponent is

3

testifying in a non-English language and a translator is being used. If testimony is given in a non-English language, the deposition shall be limited to 14 hours of testimony for fact deponents but will count as one seven-hour deposition. Each witness may be deposed only once. The time limits in this section apply regardless of whether the witness is being deposed in an individual capacity, as a 30(b)(6) designee, or both.  Unless excluded above, the limits discussed above do not apply to depositions of third parties subject to subpoenas issued under Fed. R. Civ. P. 45 or the Hague Convention.

Expert Deposition Limits. Each deposition of an expert witness shall be limited to one day of seven hours, except that if an expert witness is testifying about both patent validity and infringement, then the expert may be deposed for a second consecutive day of seven hours.  These limits may be extended by agreement of the parties or order of the Court for good cause.

Location of Depositions. Any party or representative (officer, director, or managing agent) of a party must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties.

Noticing and Scheduling of Depositions of Current Employees. Noticing and scheduling of depositions of a party's current employees shall proceed according to the Federal Rules of Civil Procedure and this Court's local rules unless the individual is also being designated as one of the party's 30(b)(6) witnesses, in which case noticing and scheduling shall proceed according to the following subsection. Depositions of third-parties who are not current employees of a party are not subject to this procedure.

Noticing and Scheduling of Party 30(b)(6) Depositions. Deposition notices

pursuant to Federal Rule of Civil Procedure 30(b)(6) shall be served and filed according to the Federal Rules of Civil Procedure and this Court's local rules. No later than 30 days after service of a 30(b)(6) deposition notice, the party receiving the notice shall serve (i) any objections to the noticed topics (including topics for which the noticed party will not produce a witness) and (ii) a notice identifying the designated witness(es) and, if more than one witness is being designated to testify with respect to the noticed topics, the particular topics with respect to which each witness is being designated. The parties shall meet and confer to determine the exact dates and locations of the 30(b)(6) depositions within one week of the service of the identification of witnesses and, absent good cause, each such witness shall be offered for deposition within one month of the parties' meet-and-confer.

<u>Daily Schedule & Holidays.</u> Unless otherwise agreed, depositions shall take place only on weekdays and shall presumptively start at 9:00 A.M. local time. No depositions may be scheduled on the dates of in-person Court hearings or on federal holidays.

**SO ORDERED**

This ___ day of _____, 2019

_____
Hon. Colm F. Connolly
United States District Judge