IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS US LLC, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 18-1675-CFC (Consolidated) |
| | ) |
| APOTEX, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, Dr. Reddy's) have filed objections to the Magistrate Judge's Memorandum Order dated April 13, 2020. D.I. 244. Dr. Reddy's objects to two discovery rulings made in the Memorandum Order: (1) a ruling granting Plaintiffs' request to compel Dr. Reddy's to produce "an API sample from a batch located in India that was created in September 2016," D.I. 236 at 2; and (2) a ruling denying Dr. Reddy's request to compel Plaintiffs to produce a representative sample of Lexiscan® API, "Form A" of regadenoson monohydrate, and the amorphous liquid forms of regadenoson monohydrate, *id.* at 2–4.

"Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), non-dispositive pre-trial rulings made by magistrate judges on referred matters should only be set aside if clearly erroneous or contrary to law." *Masimo*

*Corp. v. Philips Electronics North America Corporation*, 2010 Wl 2836379, at *1 (D. Del. July 15, 2010). "A finding is clearly erroneous if the determination "(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data . . ." *Id.* (quoting *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir.1992)). Applying this standard to the Magistrate Judge's ruling, the Court finds no error in his decision.

First, it is undisputed that the API batch created in India in September 2016 is relevant to the dispute at hand; and Dr. Reddy's has not articulated, let alone established, that producing the sample would unduly burden it. Accordingly, the Magistrate Judge did commit clear error in ordering the production of the September 2016 sample. The gravamen of Dr. Reddy's objection to producing the September 2016 sample is that the discovery request in question called for production of a "representative sample." Dr. Reddy's does not agree that the September 2016 sample constitutes a "representative sample," and it fears that Plaintiffs will argue that Dr. Reddy's production of the September 2016 sample constitutes a concession that the sample is representative. The Court, however, will not view the production of the September 2016 sample as an admission by Dr. Reddy's that the sample is representative. And the Court does not interpret the

2

Magistrate Judge's statement that the September 2016 sample "would thus seem to [be] . . . more 'representative,'" as a finding of fact. D.I. 236 at 2–3.

Second, the Court agrees with the Magistrate Judge's finding that "in their briefing and during oral argument, [Dr. Reddy's] did not explain clearly enough to the [Magistrate Judge] why . . . [Dr. Reddy's] need[s] to obtain the samples [it requested] in discovery." *Id.* at 4. Dr. Reddy's objections suffer from the same deficiency.

NOW THEREFORE, IT IS HEREBY ORDERED that Dr. Reddy's Objections (D.I. 244) are OVERRULED.

6·5·20
Date

United States District Judge

3