▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTELLAS US LLC; ASTELLAS PHARMA US, INC.; and GILEAD SCIENCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC. et al., <br><br> Defendants. | **REDACTED - PUBLIC VERSION** <br><br> No. 1:18-cv-1675-CFC-CJB (consolidated) <br><br> ▬▬▬▬▬▬▬▬▬ |

**DR. REDDY'S LETTER BRIEF OPPOSING PLAINTIFFS' MOTION TO COMPEL**

*Of Counsel*

William A. Rakoczy
Joseph T. Jaros
Tara M. Raghavan
Christopher P. Galligan
Gregory L. Goldblatt
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
120 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Counsel for Dr. Reddy's Laboratories Ltd.
and Dr. Reddy's Laboratories Inc.*

1

Dear Judge Burke:

Dr. Pillai exceeded her obligations as DRL's 30(b)(6) witness and Plaintiffs' motion, based on a handful of questions over seven hours of meaningful testimony, cannot change that truth. When analyzed as a whole, the 236-page transcript proves that Dr. Pillai's preparation, which included over twelve hours of reviewing documents (*e.g.*, emails and their attachments, the ANDA, Certificates of Analyses, and analytical test results) and obtaining additional information from three DRL employees, was sufficient. As described below, Dr. Pillai testified extensively regarding all aspects of R&D, including XRPD analyses. Plaintiffs' suggestion that they are entitled to additional deposition time because of a few instances where Dr. Pillai did not know the answer to specific questions is contrary to the law. As this Court knows, a designee "need not have perfect responses to each question, nor a clairvoyant ability to predict every single question that may be posed." *Oy v. Verizon Servs. Corp.*, No. 12-cv-00715-CJB, 2013 WL 5675516, at *2 (D. Del. Oct. 15, 2013) (citation omitted). Nor does a "failure to provide perfect responses to every single question . . . reflect a lack of preparation or signify that [the witness] was an insufficient Rule 30(b)(6) deponent." *Id.* at *6; *see also CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 322 F.R.D. 350, 361 (N.D. Iowa 2017) ("A deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority."). Plaintiffs cite no authority supporting their contention that Dr. Pillai should have been prepared to answer every single question, or speak with another DRL employee about each and every document.

Plaintiffs' gamesmanship is clear. Having exhausted their allotted deposition time, Plaintiffs manufactured this dispute seeking to improperly obtain more. Plaintiffs hope this Court will get lost in their hand waving rather than looking into the substance of what was discussed during Dr. Pillai's deposition because, as detailed below, Dr. Pillai provided a substantial amount of testimony on Topics 4, 8, 9, 12, 13, and 38, and exceeded the obligations of 30(b)(6) designee.

### I.   Dr. Pillai Was Fully Prepared to Testify About Testing and Analysis of DRL's API

Plaintiffs' arguments that Dr. Pillai was unprepared to testify about the testing and analysis of DRL's API ring hollow. Plaintiffs' complaints focus solely on XRPD testing. D.I. 467. But, importantly, Topics 4, 8, 9, 12, and 13, are *significantly* broader, as was DRL's designation of Dr. Pillai, despite its objections that these topics are overbroad. *See* Ex. 1 at 10, 16, 17, 20, 21. For context: DRL produced nearly 20,000 documents, mostly related to R&D; Plaintiffs served overbroad 30(b)(6) topics covering all R&D; DRL objected to the breadth of Plaintiffs' topics; and DRL requested numerous meet and confers seeking to clarify and narrow the scope. Rather than clarify what information Plaintiffs truly sought via more narrow topics (*e.g.*, XRPD testing) or by citing specific documents, Plaintiffs continued to pursue the "full scope" of their topics. In fact, despite Plaintiffs serving forty-two topics on DRL, XRPD testing is *mentioned just once* in a subpart of a broader R&D topic listing twelve different types of analyses. *See* Ex. 1 at 21. As is the case here, it is improper to serve a broad topic and later claim a witness was unprepared on a subset of that topic when it failed to identify "with reasonable particularity" the information sought. *See, e.g.*, *StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, 2015 WL 12843846, at *2 (M.D. Fla. 2015) (denying motion to compel testimony because the deposition topic was "overly broad" and the document complained of "was not identified 'with reasonable particularity' in the notice of deposition"); *Trs. Boston Univ. v. Everlight Elecs. Co.*, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014) (denying a motion to compel testimony on an overbroad deposition topic because "the responding party is subject to an impossible task" and

"[i]t is not reasonable to expect one or more witnesses to remember and testify about every one of these facts."). For this reason alone, the Court should deny Plaintiffs' request.

Dr. Pillai's testimony, as a whole, demonstrates she testified, in detail, about the testing and analysis of DRL's API, including XRPD. Dr. Pillai testified generally about, at least: ▌ ▌ ▌ e.g., Ex. 2 at 69:11-77:5; 99:23-100:16); ▌ e.g., id. at 87:5-93:1; 121:1-123:8; 126:1-134:20); ▌ (e.g., id. at 83:2-87:4; 100:17-102:14; 110:3-115:13); ▌ (e.g., id. at 99:4-22; 102:15-104:13; 217:24-218:11; 228:3-229:11); ▌ e.g., id. at 26:5-28:4; 89:6-19; 92:12-93:1; 105:23-109:11; 145:11-148:14; 191:12-24; 221:22-223:19; 225:23-229:11). And, more specifically, Dr. Pillai testified *extensively* regarding XRPD testing, including ▌ ▌ Id. at 109:13-24; 116:8-13; 119:10-23; 123:18-124:25; 134:21-135:23; 150:8-151:20; 153:8-162:22; 165:12-171:25; 174:2-15; 175:11-176:13; 186:22-188:14; 191:6-192:15; 193:22-200:17; 204:22-208:17; 212:23-216:15; 218:21-223:19; 225:17-227:11. In view of this testimony, and the discussions below, Plaintiffs' argument that Dr. Pillai provided "rote responses" or lacked technical knowledge (she has a Ph.D. and oversaw all regadenoson R&D) falls flat. D.I. 467 at 2-3.

Plaintiffs' first complaint relates to XRPD testing ▌ D.I. 467 at 2. Dr. Pillai testified about ▌ ▌ ▌ Dr. Pillai also explained that the document contained ▌ ▌ Plaintiffs' argument goes well beyond that factual testimony and mischaracterizes questions seeking improper expert testimony as "basic questions." See, e.g., Ex. 2 at 210:15-21 ▌ ▌ Dr. Pillai testified about the facts concerning ▌ ▌ Boston, 2014 WL 5786492, at *4 ("A party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through . . . expert discovery."). Likewise, given ▌ ▌ D.I. 467 at 2. Finally, contrary to Plaintiffs' mischaracterization, Dr. Pillai was aware of ▌ ▌ Ex. 2 at 119:10-23.

Plaintiffs' second complaint concerns ▌ . In addition to failing for the same reasons as Plaintiffs' first complaint, it further fails as it seeks ▌ ▌ Plaintiffs first cite the discussion of ▌ (D.I. 467 at 2), but as Dr. Pillai testified, ▌ ▌ Ex. 2 at 168:15-16; 169:10-15. Dr. Pillai also testified that ▌ ▌ See e.g., id. at 220:20-221:1 (

2

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 175:11-176:13; 227:9-11. Regardless, Dr. Pillai did testify about the document. *Id.* at 168:19-171:25. Plaintiffs' assertion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 220:16-221:1. Finally, Plaintiffs argue Dr. Pillai did not know ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 467 at 2. To the contrary, Dr. Pillai explained the document concerned ▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2 at 155:7-22. She further explained ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 159:24-160:8. Dr. Pillai then explained she ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 159:19-23. Her testimony shows there is no more information to obtain from DRL and Plaintiffs are merely seeking an improper expert opinion of the data.

## II. Dr. Pillai Was Fully Prepared to Testify About Communications With Euticals

Plaintiffs' allegation that Dr. Pillai failed to ask DRL's "liaison" "about communications with Euticals" misreads the record. D.I. 467 at 3. As Dr. Pillai explained, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See, e.g.*, Ex. 2 at 29:16-33:16.

Furthermore, Dr. Pillai *testified for over an hour regarding* ▮▮▮▮▮▮▮▮▮▮▮▮ *See id.* at 172:10-208:17 (discussing Exs. 3-8). Despite that testimony, Plaintiffs complain: (a) Dr. Pillai was unable to interpret a single, four-year-old, sentence that she did not author, and (b) she was unable to remember whether a specific phone call took place. Plaintiffs appear to be arguing that Dr. Pillai was required to speak with the author and recipient of every document DRL produced to understand every sentence. Yet Plaintiffs cite no authority for any such obligation. Plaintiffs also complain that Dr. Pillai was unaware of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 467 at 3. Not so. While Dr. Pillai did not ▮▮▮▮▮▮▮▮ Ex. 2 at 193:4-12. She also testified as to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 193:13-20.

Plaintiffs' extremely narrow "complaints" reveal that they are simply trying to obtain additional 30(b)(6) testimony because they served overbroad topics, and having failed to appropriately define the information they truly sought with "reasonable particularity," they want more time.

## III. Additional Testimony, If Any, Must Be Limited Significantly

DRL maintains that Dr. Pillai was fully prepared to testify about the disputed topics. Plaintiffs' relief, which seeks to reopen discovery on the full scope of the topics without a time limit, is improper. Should the Court find that her testimony was incomplete in any way, it should "order that [DRL] provide binding written responses" to a limited number of questions (without subparts), "selected by [Plaintiffs] from the excerpts of [Dr. Pillai's] testimony that [Plaintiffs] cited to the Court for which [Plaintiffs] believe[] in good faith [they] did not receive complete information." *Oy*, 2013 WL 5675516, at *7; *see also Opengate Capital Grp. v. Thermo Fisher Scientific Inc.*, No. 13-cv-01475-GMS, 2015 WL 5222544, at *2 (D. Del. Sept. 8, 2015) (same).

3

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

                    Respectfully submitted,

                    */s/ John C. Phillips. Jr.*

                    John C. Phillips, Jr. (No. 110)

cc: Counsel of Record for Plaintiffs