# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS US LLC; ASTELLAS PHARMA US, INC.; and GILEAD SCIENCES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC., <br><br> Defendant. | C.A. No. 18-1675-CFC <br><br> (CONSOLIDATED) <br><br>  <br> REDACTED |

**JOINT STATUS LETTER SUBMITTED IN ACCORDANCE WITH D.I. 671**

**CONFIDENTIAL – FILED UNDER SEAL**

Dear Judge Burke:

After having met and conferred on March 30, Plaintiffs and Defendants DRL, IMS, and Hospira submit this joint status letter in accordance with the Court's order. D.I. 671. The parties agree that Defendants will produce Mr. Hancock for a three-hour deposition limited to issues raised in his declaration, related documents, and newly-produced documents; search for and produce the documents identified in D.I. 657 at 2; produce samples of ▮▮▮▮▮▮▮▮▮▮ if such samples become available, and use search terms to search for and produce documents related to the ▮▮▮▮▮▮▮. The remaining disputes are (1) the repositories that will be searched; and (2) the search terms that will be used. The parties' positions are set forth below.

I. **Plaintiffs' Position**[1]

***First,*** regarding repositories, the parties agree that Euticals will apply search terms to the custodial files of the three previously-agreed upon Euticals custodians, Messrs. Grisenti, Venit, and Hancock, as well as shared non-custodial repositories of regadenoson documents in the U.S. Defendants assert that Euticals' Italian servers and Italian archived emails should be exempted from the searches. However, these limitations would prevent the production of the vast majority of Dr. Grisenti's documents because Dr. Grisenti, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, resided in Italy. Ex. EE at 1 (D.I. 652-3); Ex. 1 at 4 (4/1/21 Email). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This is particularly so given that Defendants' counsel previously represented that Dr. Grisenti's emails would be collected, but in reality collected only a small volume of documents from the U.S. server, rather than the server in Italy where Dr. Grisenti is located. *See* Ex. EE at 1 (D.I. 652-3); Ex. FF at 2, 4, 7, 9-10 (D.I. 652-4). Euticals also claims that it is not aware of any additional non-email documents to collect from shared repositories in Euticals' Italian offices. But Euticals should be required to conduct Plaintiffs' searches to confirm that the requested documents do not exist. If Euticals' assertion that the documents do not exist is correct, such a search will not be burdensome. In addition, archived documents are routinely searched and produced, and thus Defendants should be required to search the archived emails from Dr. Grisenti on Euticals' Italian server. *See, e.g., I-Enterprise Co. v. Draper Fisher Jurvetson Mgmt. Co.*, No. C-03-01561 MMC (EDL), 2005 U.S. Dist. LEXIS 57817, at *20 (N.D. Cal. Sept. 15, 2005); *Alexander v. FBI*, No. 96-2123, 97-1288 (RCL), 2000 U.S. Dist. LEXIS 9967, at *44 (D.D.C. July 10, 2000). Despite Plaintiffs' repeated requests, Euticals has failed to identify any burden associated with producing archived documents. *See, e.g.,* Ex. FF at 2, 4, 7 (D.I. 652-4). Accordingly, the searches should be applied across Euticals' U.S. and Italian servers and to archived emails.

***Second***, as shown below, Plaintiffs' narrowed terms will capture only documents relevant to

---

[1] Defendants have offered to produce ▮▮▮▮▮▮▮▮▮▮▮▮ if Euticals manufactures a new batch of regadenoson at some unknown time in the future. Plaintiffs reserve all rights.

April 5, 2021
Page 2

Defendants' recently-advanced ▮▮▮▮▮ *See* Ex. A ¶¶ 13-17 (D.I. 640-1):

| Plaintiffs' Search Terms in Ex. 1: | Seeks Documents Relevant To: |
|---|---|
| 1[2] | ▮▮▮▮▮ |
| 2 | ▮▮▮▮▮ |
| 3 | ▮▮▮▮▮ |
| 4 | ▮▮▮▮▮ |

The primary dispute concerning the search terms is whether each term should be narrowed to include a limiter for "sampl*". However, that limiter would likely exclude relevant documents, as Euticals does not always use the term "sample" when referring to ▮▮▮▮▮ ▮▮▮▮▮. *See, e.g.*, Ex. 4 (EUT(REG)_00066955-959); Ex. 1 at 3 (4/1/2021 Email). Moreover, because Defendants have failed to conduct any searches, they cannot articulate any burden based on the above search terms, particularly given that these documents would merely be supplemental to documents previously collected and produced from the agreed-upon custodians. Defendants also should not be allowed to avoid producing documents covered by these search terms on the ground that Euticals is a "third party." As Plaintiffs previously explained (D.I. 640 at 3), having selectively (and freely) obtained discovery from Euticals, Defendants cannot invoke Euticals' third-party status to shield the discovery that Plaintiffs seek on the same topic.

## II. Defendants' Position

### A. Plaintiffs' Proposed Search Methodology Is Improperly Broad

Plaintiffs' proposed search methodology is not "fair and reasonable" (D.I. 671) as it would have Euticals Inc. ("Euticals") apply broad search terms untethered to specific issues raised in the Hancock declaration to overseas, archived email servers. Instead of seeking "relevant discovery as to th[e] theory" (*id.*) in the Hancock declaration, Plaintiffs seek a do-over of discovery generally related to ▮▮▮▮▮. But Plaintiffs and Euticals already litigated a third-party subpoena enforcement action for such discovery. *Astellas US v. DRL*, 6:20-mc-9002 (W.D. Mo.) ("MO Action"). Thus, the Court should adopt Defendants' proposal.

**Euticals' Search Terms Are Appropriate:** Plaintiffs' proposed search terms (Ex. VV) seek to re-litigate issues already raised and resolved in the Missouri Action, and are unduly broad. Thus, the Court should adopt Euticals' proposed search terms. In the Missouri Action, Plaintiffs sought broad discovery from Euticals, alleging that "[a]ny documents regarding the stability of the various forms of regadenoson used in DRL's synthesis or the presence of Form A are relevant to infringement." MO Action, D.I. 2 at 9. After extensive negotiations, the parties agreed how such documents would be collected and Euticals produced thousands of documents. *See* Ex. G3; Ex. WW. Thus, discovery as to the general polymorphic form or stability of ▮▮▮▮▮

---

[3] Unless otherwise noted, references to exhibits are those filed with Plaintiffs' letter, D.I. 640.

April 5, 2021
Page 3

regadenoson is closed. The only additional discovery appropriate is discovery related to the specific facts raised in the Hancock declaration on which Defendants intend to rely in rebutting infringement, ▮ ▮ *See* D.I. 640 at 1, 3. Plaintiffs' proposed search terms are not limited to the ▮ ▮ . Ex. VV. This would effectively provide Plaintiffs another bite at the apple on all discovery related to stability of ▮ , an issue on which the scope of discovery had already been settled in the Missouri Action. In contrast, Euticals' proposed terms are tailored to locate documents relevant to the ▮ and should be adopted.

**Euticals Should Not Have To Collect From Archived, Overseas Servers:** Euticals has already agreed to search for and produce documents from the following sources: (1) custodial files from Plaintiffs chosen custodians; (2) non-custodial files/emails saved on Euticals' server in Missouri containing research, development, and manufacturing documents; and (3) documents from Euticals S.p.A.[4]'s research and development group related to regadenoson that were transferred to Euticals. These sources are reasonably accessible and most likely to contain relevant information to the ▮ The only remaining dispute as to the sources of collection is Plaintiffs demand that Euticals collect documents from an archived email server in Italy that is not reasonably accessible. Plaintiffs point to emails between a Euticals S.p.A. employee, Dr. Grisenti, and Euticals employees as evidence for why it is appropriate to search the Italian email server. But, as explained below, those emails do not support Plaintiffs' proposition, and fail to account for Euticals' status as a third party to the litigation. Having made the strategic decision not to bring suit against Euticals where they could pursue extensive discovery including from foreign archived servers, Plaintiffs cannot use the Hancock Declaration as an end run around the ordinary protections on discovery under to F.R.C.P. 26 and 45.

**First**, correspondence around ▮ , which occurred in Springfield, Missouri, would already be collected and produced as part of the parties' agreement to collect from Dr. Venit, Mr. Hancock, and the Springfield non-custodial documents. **Second**, the only evidence Plaintiffs cite to support their demand for foreign email collection demonstrates that such documents would likewise fall within the scope of document sources that Euticals has already agreed to collect and produce. If Dr. Grisenti or others at Euticals S.p.A. had information tangentially relevant to ▮ ▮ , they would correspond with Euticals employees in the US. Ex. XX (email between Grisenti/Venit); Ex. YY (same). Further, as to the ▮ (Ex. V), Euticals' understanding is that this refers generally to the documents Euticals S.p.A. provided to Euticals when the project was transferred to Missouri, and such documents would have been saved on the Missouri servers. Also, Euticals understands that the reference Dr. Venit made to a document where ▮ (Ex. V) was likely referring to a document that has already been produced to Plaintiffs. Ex. ZZ at -370. Thus, documents purportedly relevant to the "▮ ▮ " whether originating from Italy or elsewhere, would be saved on Euticals servers in Missouri, and searching archived servers located abroad is neither necessary nor appropriate given that Euticals is a third party.

---

[4] ▮

April 5, 2021
Page 4

Respectfully submitted,

| PHILLIPS, MCLAUGHLIN & HALL, P.A. | FISH & RICHARDSON P.C. |
|---|---|
| By: */s/ John C. Phillips* <br> John C. Phillips, Jr. (#110) <br> Megan C. Haney (#5016) <br> 120 North Broom Street <br> Wilmington, DE 19806 <br> (302) 655-4200 <br> jcp@pmhdelaw.com <br> mch@pmhdelaw.com <br> *Attorneys for Dr. Reddy's Laboratories Ltd. and Dr. Reddy's Laboratories Inc.* | By: */s/ Robert M. Oakes* <br> Robert M. Oakes (#5217) <br> Nitika Gupta Fiorella (#5898) <br> 222 Delaware Avenue, 17th Floor <br> Wilmington, DE 19801 <br> (302) 652-5070 <br> oakes@fr.com <br> fiorella@fr.com <br> *Attorneys for Astellas US LLC, Astellas Pharma US, Inc. and Gilead Sciences, Inc.* |
| SHAW KELLER LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| By: */s/ Karen E. Keller* <br> Karen E. Keller (#4489) <br> David M. Fry (#5486) <br> Nathan R. Hoeschen (#6232) <br> I.M. Pei Building <br> 1105 North Market Street, 12th Floor <br> Wilmington, DE 19801 <br> (302) 298-0700 <br> kkeller@shawkeller.com <br> dfry@shawkeller.com <br> nhoeschen@shawkeller.com <br> *Attorneys for International Medication Systems, Ltd.* | */s/ Dominick T. Gattuso* <br> Dominick T. Gattuso (#3630) <br> 300 Delaware Ave., Suite 200 <br> Wilmington, DE 19801 <br> (302) 472-7311 <br> dgattuso@hegh.law <br> *Attorneys for Hospira, Inc.* |