## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS US LLC, ASTELLAS PHARMA US, INC. and GILEAD SCIENCES, INC., | |
| Plaintiffs, | C.A. No. 18-1675 (CFC) (Consolidated) |
| v. |  |
| APOTEX INC., | |
| Defendant. | REDACTED |

## [PROPOSED] JOINT PRETRIAL ORDER

Douglas E. McCann (#3852)
Gregory R. Booker (#4784)
Robert M. Oakes (#5217)
~~Nitika Gupta Fiorella (#5898)~~
Kelly A. Del Dotto (#5969)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
(302) 652-5070
dmccann@fr.com
booker@fr.com
oakes@fr.com
fiorella@fr.com
kad@fr.com

*Attorneys for Plaintiffs Astellas US LLC; Astellas Pharma US, Inc.; and Gilead Sciences, Inc.*

Dominick T. Gattuso (#3630)
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

John C. Phillips, Jr. (#110)
Megan C. Haney  (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
~~1200 North Broom Street~~
Wilmington, DE  19806
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorney for Apotex Inc. and Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

Adam W. Poff (#3990)
Robert M. Vrana (#5666)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE  19801
apoff@ycst.com
rvrana@ycst.com

*Attorneys for Sun Pharma Global FZE and Sun Pharmaceutical Industries, Ltd.*

cc:  All counsel of Record via Electronic Mail

*Attorney for Hospira, Inc.*

Karen E. Keller (#4489)
David M. Fry (#5486)
Nathan R. Hoeschen (#6232)
SHAW KELLER LLP
1105 N. Market Street, 12th Floor
Wilmington, DE  19801
kkeller@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for International Medication
Systems, Ltd.*

## LIST OF EXHIBITS IN JOINT PRETRIAL ORDER

STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF

|  |  |  |  |
|---|---|---|---|
| | Joint | -- | Exhibit 1 |

ISSUES OF FACT THAT REMAIN TO BE LITIGATED

|  |  |  |  |
|---|---|---|---|
| | Plaintiffs | -- | Exhibit 2 |
| | Defendants | -- | Exhibit 3 |

ISSUES OF LAW THAT REMAIN TO BE LITIGATED

|  |  |  |  |
|---|---|---|---|
| | Plaintiff | -- | Exhibit 4 |
| | Defendant | -- | Exhibit 5 |

WITNESSES

|  |  |  |  |
|---|---|---|---|
| | Plaintiffs | -- | Exhibit 6 |
| | Defendants | -- | Exhibit 7 |

DEPOSITION DESIGNATIONS

|  |  |  |  |
|---|---|---|---|
| | Plaintiffs | -- | Exhibit 8 |
| | Defendants | -- | Exhibit 9 |

EXHIBITS

|  |  |  |  |
|---|---|---|---|
| | Plaintiffs and Defendants | -- | Exhibit 10 |

BRIEF STATEMENTS OF INTENDED PROOFS

|  |  |  |  |
|---|---|---|---|
| | Plaintiffs | -- | Exhibit 11 |
| | Defendants | -- | Exhibit 12 |

MOTIONS *IN LIMINE*

|  |  |  |
|---|---|---|
| | DRL/IMS/Hospira/Apotex MIL | Exhibit 13 |
| | Sun MIL | Exhibit 14 |

COVID-19 SAFETY PROTOCOL

|  |  |  |  |
|---|---|---|---|
| | Joint | -- | Exhibit 15 |

i

# TABLE OF CONTENTS

I.     NATURE OF THE CASE ....................................................5

II.    JURISDICTION ................................................................6

III.   FACTS ............................................................................6

     A.   Uncontested Facts..................................................6

     B.   Contested Facts .....................................................7

IV.   ISSUES OF LAW ............................................................7

V.    WITNESSES ...................................................................7

     A.   List of Witnesses Plaintiffs Expect to Call ...............7

     B.   List of Witnesses Defendants Expects to Call ..........8

     C.   List of Witnesses Third Parties Expect to Call .........8

     D.   Agreed Upon Procedures for Live Witnesses ...........9

     E.   Testimony by Designation .....................................10

     F.   Impeachment with Prior Inconsistent Testimony .................12

     G.   Objections to Expert Testimony.............................13

VI.   EXHIBITS .....................................................................13

     A.   Exhibits...............................................................13

     B.   Demonstratives....................................................18

VII.  STATEMENTS OF INTENDED PROOF ........................20

VIII. DAMAGES...................................................................20

IX.   MOTIONS IN LIMINE..................................................20

X.    COVID-19 SAFETY PROTOCOL..................................21

XI.   DISCOVERY .................................................................21

XII.   NON-JURY TRIAL......................................................................21

    A.   Presentation of Evidence and Argument................................21

    B.   Process for Post-Trial Briefing..................................................22

XIII.  LENGTH OF TRIAL .......................................................................23

XIV.   AMENDMENTS OF THE PLEADINGS .........................................24

XV.    ADDITIONAL MATTERS ..............................................................24

    A.   Handling of Confidential Information at Trial.......................24

XVI.   SETTLEMENT................................................................................25

This matter comes before the Court at a final pretrial conference held on

January 21, 2022 pursuant to Rule 16 of the Federal Rules of Civil Procedure.

Counsel for Plaintiffs Astellas US LLC, Astellas Pharma US, Inc.

("Astellas") and Gilead Sciences, Inc. ("Gilead") (together, "Plaintiffs") are:

Douglas E. McCann (#3852)
Gregory R. Booker (#4784)
Robert M. Oakes (#5217)
Nitika Gupta Fiorella (#5898)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
(302) 652-5070
dmccann@fr.com
booker@fr.com
oakes@fr.com
fiorella@fr.com

W. Chad Shear (#5711)
K. Nicole Williams
12860 El Camino Real, Suite 400
San Diego, CA 92130
(858) 678-5070
shear@fr.com

Elizabeth M. Flanagan (#5891)
60 South Sixth Street, Suite 3200
Minneapolis, MN 55402
(612) 335-5070
betsy.flanagan@fr.com

*Attorneys for Plaintiffs*

Lisa M. Ferri
Manuel J. Velez
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500
lferri@mayerbrown.com
mvelez@mayerbrown.com

*Attorneys for Plaintiff Gilead Sciences,*
*Inc.*

Jason Leonard
McDermott Will & Emory
One Vanderbilt Avenue
New York, NY 10017-3852
(212) 547-5400
jleonard@mwe.com

*Attorney for Plaintiffs Astellas US LLC*
*and Astellas Pharma US, Inc.*

1

Counsel for Defendants Apotex Inc. ("Apotex"), Dr. Reddy's Laboratories,

Ltd. and Dr. Reddy's Laboratories, Inc. ("DRL"), Hospira, Inc. ("Hospira"),

International Medications Systems, Ltd. ("IMS"), and Sun Pharma Global FZE and

Sun Pharmaceutical Industries Ltd. ("Sun") (collectively, "Defendants") are:

Counsel for Apotex and DRL:

| | |
|---|---|
| William A. Rakoczy | John C. Phillips, Jr. (#110) |
| Joseph T. Jaros | Megan C. Haney (#5016) |
| Tara M. Raghavan | PHILLIPS, MCLAUGHLIN & HALL, |
| Christopher P. Galligan | P.A. |
| Cynthia H. Sun | 1200 N. Broom Street |
| Natasha L. White | Wilmington, DE 19806 |
| Greg L Goldblatt | (302) 655-4200 |
| RAKOCZY MOLINO MAZZOCHI | jcp@pmhdelaw.com |
| SIWIK LLP | mch@pmhdelaw.com |
| 6 West Hubbard Street, Suite 500 | |
| Chicago, IL 60654 | |
| (312) 222-6301 | |
| wrakoczy@rmmslegal.com | |
| jjaros@rmmslegal.com | |
| traghavan@rmmslegal.com | |
| cgalligan@rmmslegal.com | |
| csun@rmmslegal.com | |
| nwhite@rmmslegal.com | |
| ggoldblatt@rmmslegal.com | |

Counsel for Hospira:

| | |
|---|---|
| Charles B. Klein | Dominick T. Gattuso (#3630) |
| Jovial Wong | HEYMAN ENERIO |
| Claire A. Fundakowski | GATTUSO & HIRZEL LLP |
| WINSTON & STRAWN LLP | 300 Delaware Avenue, Suite 200 |
| 1901 L Street, N.W. | Wilmington, DE  19801 |
| Washington DC 20036 | (302) 472-7300 |
| 202- 282-5000 | dgattuso@hegh.law |
| cklein@winston.com | |

2

jwong@winston.com
cfundakowski@winston.com

Alison M. King
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60610
amking@winston.com

Counsel for IMS:

John T. Bennett                          Karen E. Keller (#4489)
GOODWIN PROCTER LLP                      Nathan R. Hoeschen (#6232)
100 Northern Avenue                      I.M. Pei Building
Boston, MA 02210                         1105 North Market Street, 12th Floor
(617) 570-1000                           Wilmington, DE 19801
jbennett@goodwinlaw.com                  (302) 298-0700
sfischer@goodwinlaw.com                  kkeller@shawkeller.com
                                         dfry@shawkeller.com
Natasha E. Daughtrey                     nhoeschen@shawkeller.com
GOODWIN PROCTER LLP
601 S. Figueroa Street
Suite 4100
Los Angeles, CA 90017-5704
(213) 426-2500
ndaughtrey@goodwinlaw.com

Joel Broussard
Beth Ashbridge, Ph.D.
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
jbroussard@goowinlaw.com
bashbridge@goodwinlaw.com

Jenny J. Zhang
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036

3

(202) 346-4000
jzhang@goodwinlaw.com

Counsel for Sun:

Stephen P. Benson
Kimberly A. Beis
David M. Knapp
FREEBORN & PETERS LLP
311 S. Wacker Dr.
Chicago, IL 60606
(312) 360-6000
sbenson@freeborn.com
kbeis@freeborn.com
dknapp@freeborn.com

Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com

## I.       NATURE OF THE CASE

1.       This is a consolidated patent infringement action brought by Plaintiffs against Defendants for infringement of U.S. Patent Nos. 8,106,183 (the "'183 patent"); RE 47,301 (the "'301 patent"); and 8,524,883 (the "'883 patent") (collectively, the "Patents-in-Suit") under 35 U.S.C. §§ 271(a), (b), (e)(2), and/or (g).

2.       Plaintiffs contend that each of the patents-in-suit covers Plaintiffs' LEXISCAN® (regadenoson) product, which is approved by the U.S. Food and Drug Administration ("FDA") for radionuclide myocardial perfusion imaging (MPI) in patients unable to undergo adequate exercise stress.  The '183 and '301 patent are listed in the FDA Approved Drug Products and Therapeutic Equivalents publication ("the Orange Book") for the New Drug Application relating to LEXISCAN®.

3.       Plaintiffs contend that their infringement claims arise out of the filing by each of Defendants Apotex, IMS, Hospira, DRL, and Sun with FDA of an Abbreviated New Drug Application ("ANDA"), seeking approval for generic versions of Plaintiffs' LEXISCAN® (regadenoson) product before the expiration of the patents-in-suit.  Plaintiffs contend that their infringement claims of the '883 patent arise under the Declaratory Judgment Act.  Defendants do not contest subject matter jurisdiction.

4.      The claims asserted against Defendants ("asserted claims") are set

forth below:

| Defendant | '183 Patent | '883 Patent | '301 Patent |
|:---:|:---:|:---:|:---:|
| DRL | 1, 9 | 1-3 | 6, 8, 17 |
| Hospira | 1, 9 | 1-3 | 6, 8, 17 |
| IMS | 1, 9 | 1-3 | 6, 8, 17 |
| Apotex | 6 | 1-3 | 6, 8, 17 |
| Sun | 6-7 | 1-3 | 6, 8, 17 |

5.      The trial is currently scheduled to begin on January 27, 2022.

## II.     JURISDICTION

6.      This action arises under the patent laws of the United States, Title 35,

United States Code.  Jurisdiction over the parties' claims and counterclaims lies

under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 and is not disputed.

7.      Venue over this case is proper in this judicial district pursuant to 28

U.S.C. §§ 1391 and/or 1400(b) and is not disputed.

## III.    FACTS

### A.     Uncontested Facts

8.      A joint statement of uncontested facts is set forth in **Exhibit 1**. These

proposed uncontested facts require no proof at trial and will become part of the

evidentiary record in this case.  Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the Court, and will be charged for the time used to do so.[1]  However, a party need not read these facts into the record for them to be considered by the Court in reaching its ultimate judgment as they are considered part of the record as of the issuance of this Order.

### B.    Contested Facts

9.    Plaintiffs' statement of issues of fact that remain to be litigated and expected proof is attached as **Exhibit 1**.

10.    Defendants' statement of issues of fact that remain to be litigated and expected proof is attached as **Exhibit 2**.

## IV.    ISSUES OF LAW

11.    Plaintiffs' statement of issues of law that remain to be litigated is attached as **Exhibit 3**.

12.    Defendants' statement of issues of law that remain to be litigated is attached as **Exhibit 4**.

## V.    WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

### A.    List of Witnesses Plaintiffs Expect to Call

13.    Plaintiffs' list of the names of the fact and expert witnesses Plaintiffs currently intend to call live or by deposition at trial is attached as **Exhibit 6**.

---

[1]    As used herein, the term "party" is used to refer to either Plaintiffs or Defendants, collectively, except as otherwise indicated.

Plaintiffs further identify any witness listed on Defendants' witness disclosure and reserve the right to call any witness, whether or not identified, in rebuttal or for purposes of impeachment.  Plaintiffs currently expect that the witnesses that Plaintiffs intend to call live will testify in-person at trial, but reserve the right to present witnesses via videoconference at trial due to travel restrictions and health concerns related to the COVID-19 pandemic.

**B.    List of Witnesses Defendants Expects to Call**

14.    Defendants' list of the names of the fact and expert witnesses Defendants currently intend to call live (either in person or remotely) or by deposition at trial is attached as **Exhibit 7**.  Defendants further identify any witness listed on Plaintiffs' witness disclosure and reserve the right to call any witness, whether or not identified, in rebuttal or for purposes of impeachment.  As noted in Exhibit 7, Defendants currently expect that four of the witnesses that Defendants intend to call live will testify via videoconference at trial due to travel restrictions and health concerns related to the COVID-19 pandemic.  *See* 5-26-2021 Hearing Tr. at 14:7-13, 20:24-23:9.

**C.    List of Witnesses Third Parties Expect to Call**

15.    With the exception of deposition testimony designated by the parties and witnesses listed in Exhibits 6 and 7, the parties are not aware of any other third parties who intend to participate in this action.

**D.     Agreed Upon Procedures**

16.     Any witness not listed in **Exhibits 6 and 7** will be precluded from testifying, whether live (via videoconference or in-person) or by deposition, absent good cause shown.

17.     With the exception of expert witnesses, each witness will testify only once, either live or by deposition.

18.     By **6:00 p.m.** on January 21, 2022, the parties will exchange in good faith final witness lists.  For planning purposes, the parties will identify which of those witnesses they expect to testify live, which they expect to testify by videoconference, and which they expect to testify by deposition at that time.

19.     The listing of a witness on a party's witness list does not require that the party call that witness to testify, either live or by deposition.

20.     Each party will provide the other party with a list, in order of presentation, of witnesses it intends to call live on direct examination by **7:00 p.m.** two nights before those witnesses are intended to testify in Court.  (For example, if a party intends to call a witness on Wednesday, that party shall disclose that witness's name to the opposing party no later than **7:00 p.m.** on Monday.)  This list must also include those witnesses who are to be called by designation (whose designations will have been previously disclosed pursuant to the procedures described below), and shall identify the manner in which the witnesses will appear

9

(*i.e.* live, by videoconference, or by designation).  Each party shall exchange the order of witnesses who appear by deposition in good faith, subject to changes by agreement by the parties or for good cause shown.

21.     The other parties shall identify any objections to such witness(es) by **7:00 p.m.** the following day, and the parties shall meet and confer to resolve any objections by **10:00 p.m.** that same evening.  If good faith efforts to resolve the objections are unsuccessful, the party objecting to the witness shall bring its objections to the Court's attention at the beginning of the following day.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

22.     With the exception of expert witnesses and a corporate representative for each party, the parties agree that witnesses should be prevented from hearing the testimony of other witnesses pursuant to Federal Rules of Evidence 615. Counsel for the parties shall notify one another by e-mail of their corporate representative no less than three days before the first day of trial—i.e., by January 24, 2022.

### E.     Testimony by Designation

23.     A chart of Plaintiffs' deposition designations, Defendants' objections to Plaintiffs' deposition designations, Defendants' counter-designations, and

10

Plaintiffs' objections to Defendants' counter-designations are set forth in **Exhibit 8** hereto.  Plaintiffs' deposition designations are subject to revision.

24.    A chart of Defendants' deposition designations, Plaintiffs' objections to Defendants' deposition designations, Plaintiffs' counter-designations, and Defendants' objections to Plaintiffs' counter-designations are set forth in **Exhibit 9** hereto.  Defendants' deposition designations are subject to revision.

25.    Unless otherwise agreed between the parties, the party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered from previously-exchanged designations by **7:00 p.m.** at least two calendar days prior to the testimony being offered into the record.  The party receiving the designations shall inform the opposing party of any objections and counter-designations by **7:00 p.m.** at least one calendar day prior to the testimony being offered into the record.  Any objections to counter-designations shall be provided by **9:00 p.m.** that same day.  The parties shall meet-and-confer by **10:00 p.m.** to resolve any objections that same day.  If good faith efforts to resolve the objections are unsuccessful, the party objecting to the designations shall bring its objections to the Court's attention at the beginning of the following day.

26.    The party who initially proposes the use of the deposition testimony will provide the Court with an accounting of the time for each party's designations

11

based on the parties' proportional share of lines of testimony for read-in testimony and by actual time for video testimony so that the Court may accurately charge time to the designating parties.

27.    All irrelevant and redundant material, including colloquy between counsel and objections, or pauses between questions, will be eliminated when the deposition is read or viewed at trial.

28.    When deposition designation excerpts are introduced, all admissible deposition designation, and counter-designation excerpts, whether offered by videotape or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given.  The specific portions of the deposition shall be read or played in page order.  If an exhibit is referenced in a deposition designation, the exhibit is admitted into evidence if it is included on the offering party's trial exhibit list and is not otherwise objected to.

29.    When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations.

### F.    Impeachment with Prior Inconsistent Testimony

30.    The Court may allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of consistency.  The above procedures regarding deposition designations do not apply

to portions of deposition transcripts and/or video used for impeachment of a witness.  Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

### G.  Objections to Expert Testimony

31.    The parties agree that the Court should rule at trial on objections to expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections.  Thus, the time taken by the Court to hear and consider the objection shall be charged to the party that does not prevail.  For example, if a party raises an objection that expert testimony is beyond the scope and the objection is overruled, the time to consider the objection will be charged to the objecting party.

## VI.   EXHIBITS

### A.   Exhibits

32.    **Exhibit 10** contains a listing of the parties' exhibits, which includes:

(a)  Plaintiffs' exhibits, identified by the prefix PTX; and

(b)  Defendants' joint exhibits, identified by the prefix DTX.

(c)  Defendant Apotex's exhibits, identified by the prefix ATX.

(d)  Defendant DRL's exhibits, identified by the prefix RTX.

(e)  Defendant Hospira's exhibits, identified by the prefix HTX.

(f)  Defendant IMS' exhibits, identified by the prefix ITX.

(g)  Defendant Sun's exhibits, identified by the prefix STX.

33.  **Exhibit 10** contains the maximum universe of exhibits that may be used by any party's case-in-chief, as well as all objections to the admission of such objections, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown.  A party may offer any exhibit appearing on any party's exhibit list.  Exhibits not listed will not be admitted unless good cause is shown.

34.  Absent an agreement of the parties or a directive from the Court adopting an alternative procedure, the following rules govern the admission of exhibits:

35.  Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission.

36.  Exhibits to be used solely for impeachment need not be included on the trial exhibit lists or disclosed in advance of being used at trial.

37.  Any exhibit identified on a party's exhibit list and not objected to is deemed to be admissible and may be entered into evidence by the party, as long as

14

a proper foundation is laid and a witness testifies about the exhibit, except that

nothing herein shall be construed as a stipulation or admission that the document is

entitled to any weight in deciding the merits of this case.

38.    The parties will work out stipulations that certain documents, including

the Patents-in-Suit and relevant NDA, ANDAs, DMFs, and IND are authentic and/or

admissible.

39.    Absent an agreement by the parties or an Order of the Court, no

exhibit will be admitted unless offered into evidence through a witness, testifying

live or by deposition, who must at least be shown and give testimony about the

exhibit.  Prior to the completion of a live witness' testimony, any party that has

used an exhibit with the witness and wishes that exhibit to be admitted into

evidence must formally move the exhibit into evidence.

40.    [Contested] Plaintiffs' Proposal: Unless otherwise agreed to by the

parties during the trial, the parties will each provide to each other's counsel of

record via e-mail a written list of exhibits, by exhibit number, for each witness that

it intends to call in Court by 7**:00 p.m.** two calendar days before the day the

witness will testify.  Objections to any of the disclosed exhibits shall be made by

no later than **7:00 p.m**. the following day, and the parties will meet and confer

regarding any objections by **9:00 p.m.** that same evening.  If good faith efforts to

resolve the objections fail, the party objecting to the exhibits shall bring its

15

objections to the Court's attention prior to the witness being called to the stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

41.     [Contested] Defendants' Proposal: Unless otherwise agreed to by the parties during the trial, the parties will each provide to each other's counsel of record via e-mail a written list of exhibits, by exhibit number, for each witness that it intends to call in Court by **7:00 p.m.** one calendar day before the day the witness will testify.  Objections to any of the disclosed exhibits shall be made by no later than **9:00 p.m**. the same day, and the parties will meet and confer regarding any objections by **10:00 p.m.** that same evening.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the stand.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

42.     The parties will exchange a list of exhibits they plan to use in opening statements by **12:00 p.m.** the day before the start of trial.  The parties will provide any objections to such exhibits no later than **3:00 p.m.** the same day.  The parties agree to meet and confer to the extent objections remain pending no later than **5:00**

**p.m.** on the day before the start of trial to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.

43.    Legible photocopies of United States patents and the content of PTO file histories may be offered and received in evidence in lieu of certified copies thereof.  The parties reserve their rights to object to any photocopy that is not identical to the certified copy.

44.    Legible photocopies of printed publications (with agreed upon English translations thereof) may be offered and received in evidence in lieu of originals thereof.  The parties reserve their rights to object to any photocopy that is not identical to the original.

45.    The parties stipulate that a duplicate of any document or photograph may be marked for identification, and, if otherwise admissible, offered and received into evidence with the same force and effect as the original, subject to any and all objections as could be made to the original, and on condition that the original of any such duplicate, if within the custody or control of a party, be available for inspection at the trial upon reasonable notice.

46.    If closing argument is allowed, the parties agree that any exhibit that has been admitted into evidence during the course of trial can be used in closing

argument and that the parties need not disclose the intent to use any admitted exhibit prior to closing arguments.

47.    The exhibit lists indicate whether each trial exhibit has previously been marked as a deposition exhibit.  To remove duplicates and improve legibility of the exhibits used at trial, the parties agree that the trial exhibit shall be treated as identical to the indicated deposition exhibit regardless of whether it bears a deposition exhibit sticker.

48.    On or before the first day of trial, each party will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list corresponding to their respective final exhibit lists.

**B.    Demonstratives**

49.    The parties agree that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits. Plaintiffs' demonstratives will be identified with PDX numbers.  Defendants' demonstratives will be identified with DDX numbers.  Defendant specific demonstratives will be identified as follows:

For Apotex: ADX.

For DRL: RDX.

For Hospira: HDX.

For IMS: IDX.

18

For Sun: SDX.

50.     Demonstratives to be used on direct examination will be exchanged pursuant to the procedures set forth below.  These provisions do not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use.  In addition, demonstratives reflecting blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

51.     The parties will exchange demonstratives to be used in opening statements by **12:00 p.m.** the day before the start of trial. The parties will provide any objections to such demonstratives no later than **3:00 p.m.** the same day.  The parties will confer regarding any such objections no later than **5:00 p.m.** the same day.

52.     A party will provide demonstrative exhibits to be used in connection with direct examination by **7:00 p.m.** the night before their intended use, and objections will be provided not later than **9:00 p.m.** the night before their intended use.  The parties will then meet and confer in an attempt to resolve any objections to the demonstratives that are expected to be used during direct examinations no later than **10:00 p.m.** that same evening.

19

53.     The party seeking to use a demonstrative will provide to the other side a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side on a DVD, CD, or other electronic means (e.g., file transfer).  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as an 8.5 x 11 PDF.

54.     If good faith efforts to resolve objections to demonstratives fail, the objecting party shall bring its objections to the Court's attention before its intended use.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of a demonstrative or waiver of objection to the demonstrative.

## VII.   BRIEF STATEMENTS OF INTENDED PROOF

55.     Plaintiffs' statement of what Plaintiffs intend to prove at trial is attached as **Exhibit 11**.

56.     Defendants' statement of what Defendants intend to prove at trial is attached as **Exhibit 12**.

## VIII.  DAMAGES

57.     There currently are no damages claims in the case.

## IX.   MOTIONS IN LIMINE

58.     At this time, Plaintiffs do not intend to file motions *in limine*.

59.     Defendants Apotex, DRL, Hospira, and IMS's motion *in limine* and Plaintiffs' opposition are attached as **Exhibit 13**.

60.     Sun's motion *in limine* and Plaintiffs' opposition are attached as **Exhibit 14**.

## X.      COVID-19 SAFETY PROTOCOL

61.     The parties' proposed COVID-19 safety protocol is attached as **Exhibit 15**.

## XI.     DISCOVERY

62.     All parties have completed discovery.  Supplemental discovery with regard to Defendants DRL, IMS, Hospira, and Apotex closed on December 8, 2021.[2]

## XII.    NON-JURY TRIAL

### A.      Presentation of Evidence and Argument

63.     The trial shall proceed based on the customary orders of proof. Plaintiffs shall present their opening statements on all issues, followed by Defendants' opening statement on all issues.  Plaintiffs shall present their affirmative case on infringement, followed by Defendants' rebuttal on infringement and affirmative case on invalidity.   Plaintiffs shall then present their rebuttal on

---

[2]     Defendants DRL, IMS, Hospira, and Apotex note that their Motions to Strike (D.I. 824, 830) and their related motion *in limine* remain pending and reserve all rights with respect to their motions and any ruling(s) related to the same.

infringement and invalidity.  If the Court allows closing arguments, Plaintiffs shall then present their closing argument on its affirmative case on infringement followed by Defendants' closing argument on all issues, followed by Plaintiffs' rebuttal closing argument on invalidity.

**B.     Process for Post-Trial Briefing**

64.     Along with their post-trial briefs, Plaintiffs and Defendants shall provide proposed Findings of Fact and Conclusions of Law, separately stated in numbered paragraphs, constituting a detailed listing of the relevant material facts the party believes it has proven, in a simple narrative form, along with citations to the record.  For the Proposed Findings of Fact, for infringement, the Plaintiffs shall have a maximum of 8,000 words for each Defendant and each Defendant, likewise, has 8,000 words to respond to the Plaintiffs; for invalidity each side has 12,500 words, or a number of words chosen after trial based on the Court's preferences and instructions.

65.     In their opening post-trial briefs, Plaintiffs shall address infringement (20,000 words for all Defendants) and Defendants shall address validity (20,000 words), or for each party within a number of words chosen after trial based on the Court's preferences and instructions.  In addition to Plaintiffs' opening brief on infringement, Plaintiffs shall present evidence and argument regarding injunctive

relief for the '883 patent during post-trial briefing (8,000 words), or within a number of words chosen after trial based on the Court's preferences and instructions.

66.     Opening post-trial briefs and proposed findings of fact and conclusions of law and shall be due on February 18, 2022, or on a date chosen after trial based on the Court's preferences and instructions.

67.     Responsive briefs shall be due on March 11, 2022, or on a date chosen after trial based on the Court's preferences and instructions.  Plaintiffs will address validity (20,000 words), and Defendants will address infringement (20,000 words collectively) and injunction (8,000 words), or for each party within a number of words chosen after trial based on the Court's preferences and instructions.

68.     Reply briefs shall be due on March 18, 2022, or on a date chosen after trial based on the Court's preferences and instructions.  Plaintiffs will address infringement (6,250 words) and injunction (2,500 words) and Defendants will address validity (6,250 words), or for each party within a number of words chosen after trial based on the Court's preferences and instructions.

## XIII.  LENGTH OF TRIAL

69.     The trial will be timed.  Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, closing arguments, its arguments on any motions for judgment as a matter of law, and all

sides' arguments on objections a party raises to another party's exhibits and demonstrative exhibits.

70.     The Courtroom Deputy will keep a running total of trial time used by counsel.

71.     The parties understand that the trial will start on January 27, 2022 and will continue into the week of January 31.  The parties understand that the Court will determine the exact duration of the trial, and the provided time will be split equally between the two sides as determined by the Court.

## XIV. AMENDMENTS OF THE PLEADINGS

72.     Neither party intends to seek an amendment to the pleadings.

## XV. ADDITIONAL MATTERS

### A.      Handling of Confidential Information at Trial

73.     The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests that a particularly sensitive portion be sealed.  If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom shall be cleared of those individuals not qualified under the Protective Order entered in this case to view the Confidential Information of the requesting Party.

### B.      Miscellaneous Issues

74.     Sun's objection to Plaintiffs' substantive revisions the evening before the filing of the Pretrial Order, attempting to introduce facts, theories and

arguments not previously disclosed and outside the scope of expert discovery in

Plaintiffs' infringement case with Sun.  Plaintiffs disagree with Sun's position

regarding Plaintiffs' theories of infringement and disclosure of such theories.

## XVI.  SETTLEMENT

75.    Plaintiffs and each of the Defendants certify that they have engaged in

good faith efforts to explore the resolution of the case by settlement, including the

exchange of draft agreements as well as discussions.  The dates of the last

discussions for each defendant are set forth below:

DRL: ███████████

IMS: ██████████

Hospira: ████████████

Sun: ██████████

Apotex: ████████████


**IT IS HEREBY ORDERED** that this order shall control the subsequent

course of the action, unless modified by the Court to prevent manifest injustice.

FISH & RICHARDSON P.C.

By */s/ Robert M. Oakes*
   Douglas E. McCann (#3852)
   Gregory R. Booker (#4784)
   Robert M. Oakes (#5217)
   Nitika Gupta Fiorella (#5898)
   Kelly A. Del Dotto (#5969)
   222 Delaware Avenue, 17th Floor
   Wilmington, DE 19899
   (302) 652-5070
   dmccann@fr.com
   booker@fr.com
   oakes@fr.com
   fiorella@fr.com
   kad@fr.com

*Attorneys for Plaintiffs Astellas US LLC; Astellas Pharma US, Inc.; and Gilead Sciences, Inc.*

PHILLIPS, MCLAUGHLIN & HALL, P.A.

By */s/ John C. Phillips, Jr.*
   John C. Phillips, Jr. (#110)
   Megan C. Haney  (#5016)
   1200 North Broom Street
   Wilmington, DE  19806
   jcp@pmhdelaw.com
   mch@pmhdelaw.com

*Attorney for Apotex Inc. and Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

SHAW KELLER LLP

By */s/ Nathan R. Hoeschen*
   Karen E. Keller (#4489)
   David M. Fry (#5486)
   Nathan R. Hoeschen (#6232)
   1105 N. Market Street, 12th Floor
   Wilmington, DE  19801
   kkeller@shawkeller.com
   dfry@shawkeller.com
   nhoeschen@shawkeller.com

*Attorneys for International Medication Systems, Ltd.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

By */s/ Adam W. Poff*
   Adam W. Poff (#3990)
   Robert M. Vrana (#5666)
   1000 North King Street
   Wilmington, DE  19801
   apoff@ycst.com
   rvrana@ycst.com

*Attorneys for Sun Pharma Global FZE and Sun Pharmaceutical Industries, Ltd.*

HEYMAN ENERIO GATTUSO &
HIRZEL LLP

By  /s/ *Dominick T. Gattuso*
     Dominick T. Gattuso (#3630)
     300 Delaware Avenue, Suite 200
     Wilmington, DE 19801
     (302) 472-7300
     dgattuso@hegh.law

*Attorney for Hospira, Inc.*

IT IS SO ORDERED on this ___ day of_____, 2022.


 

 

 

 

 

_____

The Honorable Colm F. Connolly

28